**70**          MATTER OF DRAKE.

Surrogate's Court, New York County, February, 1916.   [Vol. 94.

Matter of the Estate of ARTHUR S. DRAKE, Deceased.

(Surrogate's Court, New York County, February, 1916.)

Taxes — assessing transfer tax — when Surrogate's Court without juris-
diction to declare estate of decedent exempt under Transfer Tax
Law.

> By the will of his father who died a resident of the state
> of New York the decedent herein who died a resident of New
> Jersey was given a power of appointment which he partly
> exercised.  Under the Tax Law in force at the father's death
> property over which a life tenant had a power of appointment
> was not taxable until the power was exercised or the remainder
> otherwise vested in possession when it was taxable as part of
> the estate of the donor of the power.  The Surrogate's Court,
> in which a proceeding to assess a tax upon the estate of the
> father was brought, ascertained the value of the remainder
> after the life estate of decedent herein in the fund set apart
> for him by the will of his father and over which decedent had
> a power of appointment, and suspended taxation upon said
> remainder.  After the death of decedent herein a proceeding
> was brought in the Surrogate's Court of the county in which
> decedent's father died, in the matter of the transfer tax upon
> the remainder of the trust created for the benefit of decedent
> herein, his appointees and remaindermen, and an order was
> entered assessing a tax upon that part of the remainder which
> was transferred to the appointees by virtue of the power of
> appointment exercised by decedent herein as well as that part
> which passed under the will of his father.  The state comptroller
> appeared in said proceeding, consented to the entry of such
> order, accepted payment of the tax assessed thereby and issued
> his receipt therefor.  Held that this court was without jurisdic-
> tion on an application to declare the estate of decedent herein
> exempt from taxation under the Transfer Tax Law.

APPLICATION to declare estate of decedent in this
state exempt from taxation under the Transfer Tax
Law.

Misc.]    Surrogate's Court, New York County, February, 1916.

· Miller, King, Lane & Trafford (William G. Barr, of counsel), for petitioner.

Lafayette B. Gleason (Schuyler C. Carlton and Alexander Otis, with him on the brief, of counsel), for state comptroller.

FOWLER, S.   This is an application to declare the estate of the decedent in this state exempt from taxation under the Transfer Tax Law.   The state comptroller appears in opposition and contends that the value of the property transferred by virtue of a power of appointment exercised by the decedent should be ascertained and taxed.

The decedent, who was a resident of New Jersey, died on the 20th of May, 1911.   He was given a power of appointment by the will of his father, John H. Drake, who died a resident of Orange county, N. Y., on the 20th of October, 1896, and this power was partially exercised by the decedent.   Under the tax law in force at the date of the death of John H. Drake, property over which a life tenant had a power of appointment was not taxable until the power was exercised or the remainder otherwise vested in possession, when it was taxed as part of the estate of the donor of the power.

The Surrogate's Court in which the proceeding to assess a tax upon the estate of John H. Drake was brought ascertained the value of the remainder after the life estate of Arthur S. Drake in the fund set apart for him by the will of his father and over which he had a power of appointment, and suspended taxation upon that remainder.   After the death of Arthur S. Drake, the decedent herein, a proceeding was brought in the Surrogate's Court of Orange county, N. Y., entitled '' In the matter of the

transfer tax upon the remainder of the trust created by the will of John H. Drake, deceased, for the benefit of Arthur S. Drake, his appointees and remaindermen." It seems to me that this title was sufficiently comprehensive to embrace any tax which could be assessed upon the remainder, either through the exercise of the power of appointment by Arthur S. Drake or under the will of the donor of the power. An order was entered in that proceeding assessing a tax upon that part of the remainder which was transferred to the appointees by virtue of the power of appointment exercised by the decedent, as well as that part which passed under the will of John H. Drake. Whether this was the proper procedure, or whether the order entered by the Surrogate's Court of Orange county in that proceeding was correct, or whether that court had jurisdiction to assess a tax upon the transfer of the property passing under the power of appointment exercised by the decedent, cannot be considered by this court. The statute provides the appropriate method of reviewing an order entered in a transfer tax proceeding. But the state comptroller appeared in the proceeding and consented to the entry of the order. He also accepted payment of the tax assessed by the order and issued his receipt therefor. This receipt stated that the state comptroller had received $660.67 transfer tax assessed "upon the remainder of the Arthur S. Drake trust, as transferred by appointment of Arthur S. Drake." The right of the state comptroller to claim another tax on the same transfer because of the alleged lack of jurisdiction of the court which assessed the tax that he accepted and still retains may be determined in a tribunal having the necessary jurisdiction, but cannot be passed upon under the limited jurisdiction granted to this court. The record before me shows that the Surrogate's Court

of another county in this state assessed a tax upon the property over which the decedent herein exercised a power of appointment, and that the net personal property of the decedent in this state exclusive of the property which passed by virtue of the exercise of the power of appointment, is $223.92. This amount is subject to a tax in this state. But as the property which was transferred by virtue of the power of appointment exercised by the decedent must be regarded, for the purpose of the transfer tax, as his property (Tax Law, § 220), and the Surrogate's Court of Orange county assumed and exercised jurisdiction over the proceeding to assess a tax upon that property, this court is excluded from the exercise of such jurisdiction (§ 2514), and for that reason must deny the application to exempt the estate.

Application denied.